1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| MULTICARE HEALTH SYSTEM, a Washington non-profit, | NO. 2:22-CV-0007-TOR |
| Plaintiff/Counterclaim Defendant, | STIPULATED PROTECTIVE ORDER |
| v. | |
| CHS WASHINGTON HOLDINGS, LLC, a Delaware limited liability company, and CHS/COMMUNITY HEALTH SYSTEMS, INC., a Delaware corporation, | |
| Defendants/Counterclaim Plaintiffs. | |

STIPULATED PROTECTIVE ORDER - 1

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereinafter "Protective Order"). The parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Information (as defined below) under seal.

2.    <u>CONFIDENTIAL INFORMATION</u>

"Confidential Information" shall include the following documents and tangible things produced or otherwise exchanged: (a) copies of the parties' insurance agreements and terms therein; (b) information prohibited from disclosure by statute; (c) non-public information about either party's proprietary business practices; (d) non-public information about revenue, pricing, profitability, loss, or competition-sensitive material; and (e) non-public personal information of individuals, including medical information, tax information, and personnel records. Information or documents that are available to the public may not be designated as

STIPULATED PROTECTIVE ORDER - 2

"Confidential." In the event either party produces documents designated as "Confidential" that the other believes do not fall within one of the above categories, the parties will meet and confer to confirm the propriety of the designation or the necessity of proposing an amendment to this Protective Order.

3.    SCOPE

The protections conferred by this Protective Order cover not only Confidential Information, but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

4.1    Basic Principles. A receiving party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure

STIPULATED PROTECTIVE ORDER - 3

manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2    <u>Disclosure of Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Information only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court, court personnel, and court reporters and their staff;

(e)    copy, imaging, or e-discovery services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining those vendors instructs the vendors not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information upon the conclusion of the above-captioned action;

STIPULATED PROTECTIVE ORDER - 4

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3    <u>Filing Confidential Information</u>. Before filing Confidential Information or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "Confidential" designation, whether the document can be redacted, or whether the documents should be filed under seal. During the meet-and-confer process, the designating party must identify the basis for sealing the specific Confidential Information at issue. The filing party then must file the Confidential Information under seal, noting in its substantive filing (e.g., dispositive or non-dispositive motion) whether it stipulates or objects to filing the document under seal. If the filing party objects to the "Confidentiality" designation and/or filing the documents under seal, it can elect to follow the procedures outlined in Section 6

STIPULATED PROTECTIVE ORDER - 5

{04617002.DOCX;1 }

below. The designating party, in response, then must set forth "compelling reasons" (in response to a dispositive motion) or "good cause" (in response to a non-dispositive motion) to seal consistent with Paragraph 6.C of the Bench Trial Scheduling Order, *see* ECF No. 21.[1]

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

---

[1] The parties understand, based on the Court's "Procedures for the Filing of Sealed and Ex Parte Documents For Civil Cases (Rev. 10/2/2020)," that Judge Rice does not require parties in civil or criminal cases to seek leave of Court to file a sealed document or submit proposed sealed documents.

STIPULATED PROTECTIVE ORDER - 6

purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, disclosure(s) or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) the designating party must affix the word "Confidential" to each page that contains Confidential Information.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

STIPULATED PROTECTIVE ORDER - 7

exhibits thereto, as "Confidential." If a party or non-party desires to protect Confidential Information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "Confidential."

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Protective Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

STIPULATED PROTECTIVE ORDER - 8

{04617002.DOCX;1 }

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding "Confidential" designations without court involvement. Any motion regarding "Confidential" designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good-faith conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants of the conference. A good-faith effort to confer requires a face-to-face meeting or a video or telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the objecting party may file and serve a motion to contest confidentiality, a "nondispositive motion" under Local Civil Rule 7. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as "Confidential" until the Court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 9

7.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

8.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material and ensure their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all

STIPULATED PROTECTIVE ORDER - 10

{04617002.DOCX;1 }

the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    PRODUCTION OF PRIVILEGED OR OTHERWISE
      PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

10.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Information to the producing party, including all copies, extracts, and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product;

STIPULATED PROTECTIVE ORDER - 11

1  and consultant and expert work product, even if such materials contain Confidential

2  Information.

3      The confidentiality obligations imposed by this Protective Order shall remain

4  in effect until a designating party agrees otherwise in writing or a court orders

5  otherwise.

6

       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7  DATED: <u>August 30, 2022</u>

8  CAIRNCROSS & HEMPELMANN, P.S.    PERKINS COIE LLP

9

10 <u>s/ Patricia A. Laughman [via email]</u>    <u>s/ Michelle L. Maley</u>
   Ana-Maria Popp, WSBA No. 39614    David B. Robbins, WSBA No. 13628

11 E-mail: apopp@cairncross.com    Email: DRobbins@perkinscoie.com
   Jennifer K. Faubion, WSBA No. 39880    Michelle L. Maley, WSBA No. 51318

12 E-mail: jfaubion@cairncross.com    Email: MMaley@perkinscoie.com
   Patricia A. Laughman, WSBA No. 46716

13 E-mail: plaughman@cairncross.com    1201 Third Avenue, Suite 4900
   Seattle, Washington 98101-3099

14 524 Second Avenue, Suite 500    Telephone: (206) 359-8000
   Seattle, WA  98104-2323    Facsimile: (206) 359-9000

15 Telephone: (206) 587-0700
   Facsimile: (206) 587-2308

16

17 Attorneys for Defendants/Counterclaim    Attorneys for Plaintiff/Counterclaim
   Plaintiffs    Defendant

18

19

20

STIPULATED PROTECTIVE ORDER - 12

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2   IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence

3   502(d), the production of any documents in this proceeding shall not, for the

4   purposes of this proceeding or any other federal or state proceeding, constitute a

5   waiver by the producing party of any privilege applicable to those documents,

6   including the attorney-client privilege, attorney work-product protection, or any

7   other privilege or protection recognized by law.

8   DATED: September 7, 2022.

9

10  

11  _____
    Thomas O. Rice
    United States District Court Judge

12

13

14

15

16

17

18

19

20

STIPULATED PROTECTIVE ORDER - 13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern

District of Washington on _____, 2022, in the case of *MultiCare Health*

*System v. CHS Washington Holdings, LLC, et al.*, No. 2:22-CV-00007 TOR. I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Eastern District of Washington for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 14

{04617002.DOCX;1 }